2235/01-4402.D;srb

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

DEC 2 0 2002

MAGISTRATE JUDGE IAN H. LEVIN
UNITED STATES DISTRICT COURT

BRYANT STEWART,

Plaintiff,

v.

CALUMET CITY, OFFICER ALFONSO MARA, STAR #135 FNU SIEMS, OFFICER FNU PIECH, LT. FNU ZORZI, STAR #542, DETECTIVE FNU LORRANI,

Defendants.

No. 00 C 4621

Judge Michael W. Dobbins

Magistrate Judge

DOCKETED

DEC 2 3 2002

**MOTION FOR ENTRY OF JUDGMENT**

Defendants CITY OF CALUMET CITY, OFFICER ALFONSO MORA, WILLIAM SIEMS, OFFICER DANIEL PIECH, LT. DANTE ZORZI and BOBBI LAZZARONI, by and through their attorneys, William Kurnik and Scott Dolezal, pursuant to Federal Rule of Civil Procedure 52(b), move this Honorable Court to enter partial judgment in favor of the defendants. In support thereof, defendants state as follows:

**COUNT I**

**UNREASONABLE SEARCH & SEIZURE, FALSE ARREST, EXCESSIVE FORCE, FOURTH AMENDMENT CLAIM, 42 U.S.C. § 1983**

Count I of plaintiff's amended complaint alleges that all defendants falsely arrested, detained, and imprisoned him without probable cause and charged him with a crime that he did not commit. It further alleges that each of these defendants physically abused and otherwise used unreasonable force against him. The plaintiff has produced no evidence that Officers

29

**COUNT II**

**MALICIOUS PROSECUTION, § 1983**

Count II of plaintiff's amended complaint sets forth a claim for malicious prosecution pursuant to 42 U.S.C. § 1983. In support of this claim, the plaintiff has presented evidence that the plaintiff was acquitted of the felony charge of unlawful use of a weapon.

A claim for malicious prosecution against an officer is not a constitutional tort which supports a § 1983 action. Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001). When a state law remedy exists, due process guarantees are addressable through the state law claim. Id.

Plaintiff has also failed to satisfy the requirements of a malicious prosecution action. To state a claim for malicious prosecution under Illinois law, plaintiff must demonstrate that:

(1) The defendant commenced or continued an original criminal or civil proceeding;

(2) The proceeding terminated in the plaintiff's favor;

(3) The defendant instituted the proceeding without probable cause;

(4) The defendant acted maliciously in initiating or continuing the prosecution; and

(5) The plaintiff was injured.

Washington v. Summerville, 127 F.3d 552 (7th Cir. 1997), citing Swick v. Liautaud, 169 Ill.2d 504, 662, N.E.2d 1238, 1242 (1996). To satisfy the second prong, the plaintiff must demonstrate that the underlying criminal proceedings were terminated in a manner indicative of the innocence of the accused. Id.

In this case, the plaintiff has made no such showing. In a criminal proceeding before Judge Morrissey on April 24, 2000, the plaintiff was found guilty of unlawful use of a weapon. See Report of Proceedings of Apr. 24, 2000 at 86. On posttrial motions, the court overturned

plaintiff's conviction. The court's reversal, however, was not based on a matter which is indicative of the plaintiff's innocence. Instead, the reversal was based on the prosecutorial error. The court noted that the prosecutor failed to establish a proper foundation for Officer Mora's testimony that the gun in evidence was the gun recovered from the plaintiff. The court stated, "I believe the officer recovered a gun in front of the theater. The question is whether or not it was this gun." See Report of Proceedings at May 30, 2000 at 10. The court observed that the parties never discussed whether there was a proper chain of custody or whether there were any identifying marks on the gun. Id. Based on this prosecutorial error, the court acquitted the plaintiff. The court addressed Stewart directly and stated as follows:

> The police officers did not act improperly in dealing with you at the scene of this incident. What happened was at at the time this case went to trial the state wasn't completely presenting the evidence against you. Since its proof beyond a reasonable doubts, there has to be a chain of evidence. The court is changing the way it has ruled.

Id. at 11.

The court's dismissal of the criminal unlawful use of a weapon charge was not based on a court's finding that the plaintiff was not guilty. The court's ruling explicitly stated that the police officers acted properly in arresting and charging the plaintiff. The ultimate finding of the court was based on prosecutorial error and did not reflect the court's belief that the plaintiff was not in possession of the weapon. In order to satisfy the plaintiff's burden of proving a favorable determination, he must establish that the judgment was entered for reasons consistent with his innocence. Washington, 127 F.3d at 552. In examining this standard in the context of a *nolle prosequi*, the court found that there was no such inference and that the plaintiff failed to satisfy this element. Id. Similarly, Judge Morrissey's reversal of the conviction was not based on

anything indicative of the plaintiff's innocence. As a result, plaintiff cannot establish the elements of a malicious prosecution claim, and judgment on Count II should be entered in favor of the defendants.

**COUNT III**

**CONSPIRACY CLAIM, § 1985**

Count III of plaintiff's complaint states that the defendants, acting together and under color of law, conspired to deprive the plaintiff of his constitutional rights. It is undisputed that all defendants in this matter are members of the Calumet City Police Department. Plaintiff has presented no evidence to support his claims of conspiracy. Allegations of conspiracy must be more than legal conclusions. Brokaw v. Mercer County, 235 F.3d 1000 (7th Cir. 2000). Further, under the intra-corporate conspiracy doctrine, a conspiracy claim cannot be maintained when all employees or officials are members of the same entity. Payton v. Rush Presbyterian St. Lukes Medical Center, 184 F.3d, 623, 632-33 (7th Cir. 1999) (citations omitted). This is true even when the alleged conspiracy occurs between supervisors and subordinates. Id. Plaintiff has not identified anyone other than Calumet City employees as members of an alleged conspiracy. As a result, the intra-conspiracy doctrine defeats the plaintiff's conspiracy claim, and judgment should be entered in the defendant's favor.

**COUNTS IV AND V**

**STATE LAW CLAIMS**

Counts IV and V of plaintiff's amended complaint set forth claims for intentional infliction of emotional distress and *respondeat superior* against Calumet City, respectively. The plaintiff's cause of action accrued on July 29, 1998. The original complaint in this matter was

filed on July 28, 2000. Under the Illinois Tort Immunity Act, all state law claims filed against a municipal entity or its employees must be filed within one year. 745 ILCS 10/8-101. The plaintiff's state law claims were filed nearly one full year after the cause of action accrued, and are barred by the statute of limitations. Judgment on these counts, therefore, should be entered in favor of the defendants.

WHEREFORE, the defendants respectfully request that this Court enter judgment in favor of all defendants as to Counts II, III, IV, and V, and enter judgment in favor of Officers Siems, Zorzi, and Lazzaroni as to Count I.

Respectfully submitted,

William W. Kurnik and Scott B. Dolezal
of Knight, Hoppe, Kurnik & Knight, L.L.C.,
on behalf of all Defendants

Knight, Hoppe, Kurnik & Knight, L.L.C.
2860 River Road, Suite 400
Des Plaines, Illinois 60018
847/298-8000
FAX 847/298-8014

# SEE CASE FILE FOR EXHIBITS